IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD DAWSON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HECTOR RIOS, Warden, in his )<br>official and individual capacity; )<br>ADEMOLA ADERAGBA, GEO )<br>security officer, in his official and )<br>individual capacity; LT. FNU JAMES,)<br>in his official and individual )<br>capacity; LT FNU ENGLE, in his )<br>official and individual capacity, )<br>)<br>Defendants. ) | Case No. CIV-17-295-M |

## REPORT AND RECOMMENDATION

Richard Dawson (Plaintiff), a state prisoner appearing pro se and asking to proceed in forma pauperis (ifp), conditionally filed[1] this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Doc. 1.[2] United States District Judge Vicki Miles-LaGrange has referred the matter

---

[1] Under the Local Civil Rules of the United States District Court for the Western District of Oklahoma (LCvR), "[p]ending the court's ruling on the [ifp] application, the civil action, suit, or proceeding will be deemed conditionally filed." LCvR3.3(d).

[2] This report cites court filings by their electronic case filing designation and pagination.

to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

For the following reasons, the undersigned recommends the dismissal without prejudice of the conditionally filed action.

I. **Plaintiff's applications to proceed ifp.**

In conjunction with his complaint, Plaintiff submitted a completed but unsigned application for leave to proceed ifp, with supporting affidavit. Doc. 2.[3] The undersigned advised Plaintiff of the deficiency, Doc. 5, and he subsequently filed an executed application with supporting affidavit "for leave to . . . [c]ommence this action for civil rights relief . . . without prepayment of fees or costs . . . ." Doc. 6, at 1.

"In support of [his] application," Plaintiff, "under penalty of perjury," declared, "I have no assets or funds which could be used to prepay the fees or costs . . . ." *Id.* at 1. In the same manner, he denied "owning cash, including funds in my prison/jail accounts, including any mandatory institutional savings accounts . . . ." *Id.* at 2. He stated, "I understand that a false statement or answer to any question in this declaration could subject me to penalties of

---

[3] "[A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

2

perjury and/or may result in the dismissal of all my claims pursuant to 28 U.S.C. § 1915(e)(2)(a)." *Id.* at 3. He signed this second application at the Lawton Correctional Facility on March 24, 2017. *Id.* at 3.

Plaintiff's application for leave to proceed ifp with supporting affidavit includes a certified copy of his trust fund account statement as required under 28 U.S.C. § 1915(a)(2).[4] *Id.* at 3-4 & Att. 1. An authorized prison official certified that Plaintiff had $190.73 "in his . . . institutional account(s)" . . . a copy of which is attached hereto." *Id.* at 3-4 (bolding omitted). Copies of two account statements are in the referenced attachment. The first is Plaintiff's "Inmate Statement for 9/27/2016 – 3/27/2017," reflecting a negative account balance. *Id.* Att. 1, at 1. The second is his "Offender Statement Report," dated March 27, 2017, showing a "Savings Balance" of $190.73. *Id.* Att. 1, at 2. The latter statement plainly belies Plaintiff's declaration that he does not "own cash, including funds in my prison/jail accounts, including any mandatory institutional savings account." Doc. 6, at 2.

---

[4] "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

3

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(A).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "[P]overty," *id.*, is not defined and its meaning in the statutory scheme is not implicit. So, not surprisingly, "[c]ourts have disagreed about the precise meaning of this statute," including whether it "requires dismissal if the allegations in the affidavit are ultimately discovered to be untrue" or if "dismissal is only warranted if the plaintiff was not actually impoverished."[5] *Campbell v. Whetsel*, No. CIV-08-1010-R, Doc. 66, at 2-3 (W.D. Okla. May 29, 2009) (unpublished report and recommendation.), *adopted*, 2009 WL 2382819, at *1 (W. D. Okla. July 29, 2009) (unpublished order) (finding prisoner's failure to "list his assets" or acknowledge funds in a prison savings account when called on by the ifp affidavit to do so mandated the dismissal of his action without prejudice).[6]

---

[5] As then-Magistrate Judge Bacharach noted "[t]he Tenth Circuit Court of Appeals has not addressed the two approaches." *Campbell*, No. CIV-08-1010-R, Doc. 66, at 3.

[6] It is not sufficient that Plaintiff, for example, simply refile a truthful ifp application with supporting affidavit. Under the statute, dismissal—either with or without prejudice—is required. *See Campbell*, 2009 WL 2382819, at *1; *see McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008) ("Having found that [Plaintiff] lied, the district court was obligated to dismiss the case . . . .").

4

The undersigned recommends that result in this case. The certified account statements submitted by the authorized prison official prove Plaintiff's declaration that he does not "own cash, including funds in my prison/jail accounts, including any mandatory institutional savings account," Doc. 6, at 2, is simply "untrue."[7] 28 U.S.C. § 1915(e)(2)(A). Moreover, although the $190.73 balance in Plaintiff's savings account would not fully satisfy the $350.00 filing fee, Congress has directed that, unlike a non-prisoner civil litigant, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *Id.* § 1915(b)(1). Consequently, the failure of a prisoner to disclose *any* funds available for that purpose[8] bears on whether his "allegation of poverty is untrue." *Id.* § 1915(e)(2)(A); *McRoyal* 263 F. App'x at 502.

### III. Recommendation and notice of right to object.

For the reasons stated and under 28 U.S.C. § 1915(e)(2)(A), the undersigned recommends the dismissal of this action without prejudice to refiling. Adoption of this recommendation would moot Plaintiff's pending applications for ifp status. Docs. 2, 6.

---

[7] Plaintiff was well aware of his savings account balance. The same $190.73 balance was documented in the unsigned application he first submitted. Doc. 2, at 3.

[8] *See* Okla. Stat. tit. 57, § 549(A)(5).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 9, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 19th day of April, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE